UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> Luis OCHOA, <br>   a/k/a Luis Valle, <br>   a/k/a Luis Castro-Valle, <br>   a/k/a "Panda," <br><br> Defendant. | CASE NO.:   3:21-mj-71623-01 MAG <br><br> ORDER DETAINING DEFENDANT PRIOR TO TRIAL |

On November 22, 2021, this Court held a hearing on Defendant Luis Ochoa's motion for release. For the reasons stated on the record and summarized below, the Court orders Ochoa detained.

Ochoa is charged in a Criminal Complaint with one count of conspiring to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). The defendant made an initial appearance on October 15, 2021, at which time the government moved for detention. Subsequently, Ochoa waived a detention hearing and findings without prejudice to raising release at a later date. At Ochoa's request, the Court scheduled a detention hearing for November 22, 2021.

Because the defendant is charged with an offense under the Controlled Substances Act that carries a statutory maximum greater than 10 years in custody, subject to rebuttal, the law presumes that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(4)(3)(A). If a defendant rebuts this statutory presumption, the Court considers the following four factors in determining whether the defendant presents a serious risk of flight: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history, as well as whether the crime was

committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Having reviewed the criminal Complaint, the bail report, and having heard arguments from both parties on November 22, 2021, the Court finds that the government has established by a preponderance of the evidence that Ochoa poses a risk of non-appearance that cannot be mitigated with the conditions proposed. The defendant has lived in the United States for many years, during which time he has had numerous law enforcement contacts, almost all of which relate to drug trafficking. This suggests that despite being arrested, Ochoa continued dealing drugs, which is also the subject matter of the current federal prosecution. At the time of his arrest in October, he was found in possession of several pounds of fentanyl, a particularly lethal substance. Given the consequences of this prosecution, coupled with his history, the lack of viable sureties or a viable custodian, the government has shown by a preponderance of the evidence Court that Ochoa poses a risk of non-appearance.

In sum, given the nature of the crimes as alleged, as well as the history and characteristics of the defendant, the Court determines that, based on the current record, there is no condition or combination of conditions of release that can reasonably assure the defendant's appearance as required.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

November 23, 2021

HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge

ORDER DETAINING DEFENDANT PRIOR TO TRIAL
CR 3:21-mj-71623-01 MAG